UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CELINA INSURANCE GROUP | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Cause No. 1:23-CV-237-HAB |
| JERRY MICHAEL, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

After obtaining an entry of default (ECF No. 17) against Defendant Jerry Michael ("Michael"), Plaintiff, Celina Insurance Group's ("Celina") moved for a Default Judgment. (ECF No. 18). Because the motion for default judgment is deficient as filed, the Court DENIES the Motion without prejudice to refiling.

### I.   *Procedural Background*

On June 2, 2022, an uninsured motorist drove her vehicle into the backyard of Defendant Jerry Michael's ("Michael") father's home in Montpelier, Indiana, causing two deaths and other injuries to individuals attending a family gathering. ("the Accident"). Michael, who arrived within seconds of the collision and witnessed the deaths of his father and great-nephew, sought coverage for negligent infliction of emotional distress through his Celina Automobile Insurance Policy No. 7255700-0 with effective dates of May 22, 2022, through May 22, 2023 (the "Policy").

On June 8, 2023, Celina filed a Complaint for Declaratory Judgment in this Court seeking a judicial declaration that there is no uninsured motorists' coverage under the Policy for Michael for any claim arising from the Accident and Celina is relieved from any duty to provide coverage to Michael for any claims arising from the Accident. On June 27, 2023, Michael was served via

certified mail with a Summons and copy of Celina's Complaint for Declaratory Judgment. (ECF No. 7). Michael was required to appear, plead, answer, or otherwise move with respect to Celina's Complaint for Declaratory Judgment by July 18, 2023, but did not do so.

## II. Analysis

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true. *VLM Food*, 811 F.3d at 255. Second, after obtaining entry of default, the plaintiff may seek an entry of default judgment. Fed. R. Civ. P. 55(b). Because this action seeks a declaratory judgment, Celina "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Default judgment pursuant to Rule 55(b)(2) must be entered by the Court, and the Court may conduct a hearing if it needs to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." FED. R. CIV. P. 55(b)(2). Rule 55(b)(2) requires a plaintiff to establish the following: "(1) when and against what party the default was entered; (2) identification of the pleading as to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in military services such that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2)." *UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 841 (S.D. Ill. 2006).

The request for default judgment here does not meet all the above requirements. The Clerk issued entry of default against Michael on May 18, 2024. Celina notes that Michael was served via certified mail with a Summons and Complaint on June 27, 2023, and filed proof of service. (ECF

No. 7). But Celina makes no representation or averment that Michael is not known to be in the military, an infant, or incompetent so as to satisfy the remaining requirements. Accordingly, the motion is DENIED without prejudice.

## CONCLUSION

Celina's motion for default judgment (ECF No. 18) is DENIED without prejudice to refiling a compliant motion.

SO ORDERED on May 23, 2024.

>    s/ *Holly A. Brady*
>    CHIEF JUDGE HOLLY A. BRADY
>    UNITED STATES DISTRICT COURT